# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>　　**Plaintiff,**<br><br>　　vs.<br><br>**VO DUONG TRAN,**<br>　　**Defendant.** | **Case No.: CR 08-00197-DOC**<br><br>**ORDER RE: MOTION EMERGENCY MOTION TO REDUCE SENTENCE [402]** |

Before the Court is Defendant's Emergency Motion to Reduce Sentence Pursuant to the First Step Act ("Motion") (Dkt. 402). For the reasons stated below, the Court **GRANTS** Defendant's Motion.

### I. Background

A jury convicted defendant VO DUONG TRAN ("Defendant") of the following offenses: (1) conspiracy to commit a robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951(a) ("the Hobbs Act"), (2) interstate travel and acquisition of a firearm with intent to commit a robbery, in violation of 18 U.S.C. § 924(g); (3) possession of firearms in furtherance of a "crime of violence," namely, the Hobbs Act robbery conspiracy charged in Count One and the § 924(g) offense charged in Count Two; and (4) possession of a machine gun, in violation of 18 U.S.C. § 922(o)(1). The Court later vacated the conviction on Count 3 on the ground that the statute is unconstitutionally vague. Defendant was ultimately sentenced to a 15-year sentence.

Defendant now moves for compassionate release because of concerns about his medical condition—a lifelong asthma condition—and the spread of the novel coronavirus at FCI Oakdale facility in Louisiana, where he is currently incarcerated. Because Defendant has exhausted all possible avenues for administrative release, and otherwise qualifies for relief pursuant to 18 U.S.C. § 3582(c), the Court **ORDERS** the immediate release of the Defendant provided he self-quarantine at either a family home in San Gabriel, California or a family home in Joliet, Illinois—two locations where family members have already offered to house the Defendant—for at least 14 days.

Defendant moved for emergency relief on April 6, 2020 (Dkt. 402) ("Motion"). The United States opposed on April 9, 2020 (Dkt. 403) ("Opp'n"). Defendant replied on April 10, 2020 (Dkt. 404) ("Reply").

#### A. Facts

Defendant has suffered from asthma since childhood. Mot. at Exh. 4. Individuals with asthma are at particular risk for severe Covid-19 illness. *Id.* at 6; *see also* People Who Are at Higher Risk for Severe Illness, CDC (April 10, 2020) https://www.cdc.gov/coronavirus/2019-

ncov/need-extra-precautions/people-at-higher-risk.html. Defendant has not received an inhaler from the BOP in approximately two weeks, and is in dire need of his medication. *Id.* at 7. Defendant is housed at FCI Oakdale in Oakdale, Louisiana. *Id.* According to the BOP, FCI Oakdale currently has 56 confirmed cases of Covid-19, including six deaths. *See* COVID-19, Fed. Bureau of Prisons (April 10, 2020), https://www.bop.gov/coronavirus/. Defendant has only 14 months remaining on his 15-year sentence, and argues that extraordinary and compelling reasons warrant compassionate release given his medical condition and severe risk if he is housed at FCI Oakdale during this pandemic. Mot. at 10.

On March 27, 2020, Defendant attempted to submit a request for release to his case manager, who declined to accept it. Mot. at 11. On March 30, 2020, Defendant submitted his request, and on April 2, 2020 Defendant spoke directly to Warden R. Myers and again attempted to submit a further request. *Id.* The Warden declined to accept the request. *Id.* On April 3, 2020 Defendant's original request was returned by jail staff, with no action having been taken. *Id.*

## II. Legal Standard

Under 18 U.S.C. § 3582, a court may modify a defendant's sentence upon motion of the Director of the Bureau of Prisons or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Upon such a motion, a court may modify a defendant's sentence after considering the factors set forth in §3553(a) to the extent applicable if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i).

The policy statement regarding compassionate release sets forth three circumstances that are considered "extraordinary and compelling reasons." U.S. Sentencing Guidelines, § 1B1.13(1)(A) & cmt. n.1. Among these are the "medical condition of the defendant," including where the defendant is "suffering from a serious physical or medical condition . . . that

substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13 cmt. 1. The policy statement also requires that the defendant not pose a danger to the safety of the community. *Id.* § 1B1.13(2).

### III. Discussion

As a preliminary matter, the Court finds that Defendant has exhausted all administrative remedies under these circumstances. The Court agrees with the Defendant that a refusal to accept a request for release, as Defendant has proffered occurred here, should not "deprive him of judicial review." Reply at 8. The Court finds that Defendant's multiple attempts to request release from the BOP, and the lack of action taken to adjudicate such a request, is a constructive denial of his request. Therefore, Defendant has exhausted his administrative remedies.

The Court is persuaded that Defendant presents an extraordinary and compelling reason for compassionate release and that such release is consistent with applicable policy considerations. The Court is aware of the current global health crisis caused by COVID-19. The President has declared a National Emergency, and states and localities across the nation have implemented measures to stymie the spread of the novel coronavirus. And while the Court is aware of the measures taken by the BOP, news reports of the virus's spread in detention centers within the United States and beyond our borders demonstrate that individuals housed within our prison systems nonetheless remain particularly vulnerable to infection. *See, e.g.*, Danielle Ivory, "We Are Not a Hospital": A Prison Braces for the Coronavirus, N.Y. Times (March 17, 2020), https://www.nytimes.com/2020/03/17/us/coronavirus-prisons-jails.html (citing densely populated living conditions, dearth of soap, hand sanitizer, and protective gear, and impossibility of maintaining safe distance between inmates and guards as reasons prisoners are at particular risk of infection).

Indeed, at the prison Defendant is housed, six individuals have died after testing positive for the virus and at least 56 other inmates and staff have tested positive. *See* COVID-

19, Fed. Bureau of Prisons (April 10, 2020), https://www.bop.gov/coronavirus/. In this case, Defendant has been diagnosed with a serious medical condition that, according to reports from the Center for Disease Control, make him particularly vulnerable to severe illness from COVID-19. *See* People Who Are at Higher Risk for Severe Illness, CDC (April 10, 2020) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html. Thus, the Court finds that Defendant has demonstrated an extraordinary and compelling reason for compassionate release.

Moreover, the Court is persuaded that the applicable § 3553(a) factors support Defendant's request for compassionate release and that Defendant will not pose a threat to the community. While the Court acknowledges the seriousness of Defendant's offense, Defendant has already served the vast majority of his sentence and has a criminal history category of 1. The length of Defendant's incarceration adequately expresses the seriousness of the offense, deters criminal conduct, and protects the public under § 3553(a). Because of Defendant's serious medical condition and the length of time already served, the Court is persuaded that Defendant will not pose a threat to the community.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court finds that extraordinary and compelling reasons warrant a reduction of Defendant's sentence, that Defendant does not pose a danger to any other person or the community, that the § 3553(a) factors support a reduction, and that the reduction is consistent with currently applicable Sentencing Commission policy statements.

///

///

///

///

**IV. Disposition**

In sum, the Court therefore **GRANTS** Defendant's Motion and **ORDERS** the immediate release of Defendant, provided he remain in self-quarantine at either a family home in San Gabriel, California or a family home in Joliet, Illinois—two locations where family members have already offered to house the Defendant—for at least 14 days.

DATED: April 10, 2020

*David O. Carter*

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE